**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL MYERS,

                                Plaintiff,                    9:20-cv-465 (BKS/DJS)

v.

RYAN COLLINS and MICHAEL WILKINSON,

                                Defendants.

**Appearances:**

*For Plaintiff:*
David P. Doherty
Thomas P. Givas
Pappas, Cox, Kimpel, Dodd & Levine, P.C.
614 James Street
Syracuse, New York 13203

*For Defendants:*
Letitia James
Attorney General of the State of New York
Kostas D. Leris
Assistant Attorney General, of Counsel
Alexander Powhida
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

      Plaintiff Michael Myers filed this action under 42 U.S.C. § 1983 alleging that Defendants

Ryan Collins and Michael Wilkinson, Secure Care Treatment Aides ("SCT Aides") at the Central

New York Psychiatric Center ("CNYPC") where Plaintiff was civilly confined, subjected

Plaintiff to excessive force in violation of the Fourteenth Amendment. (Dkt. No. 10). The case is

set for trial on September 26, 2023. Presently before the Court are the parties' motions in limine

and responses. (Dkt. Nos. 120, 129, 130, 131). The Court heard oral argument on the motions at

a final pretrial telephonic conference on September 18, 2023. For the following reasons, the

parties' motions are granted in part and denied in part.

## II.   DISCUSSION

### A.   Plaintiff's Convictions

Defendants seek to introduce evidence of Plaintiff's convictions under Federal Rule of

Evidence 609(a)(1)(A), as well as Plaintiff's criminal history and the "details of his criminal

actions" as "relevant, admissible and probative under Rules 401, 402, and 404(b). (Dkt. No. 129,

at 5–13). Plaintiff moves to preclude Defendants from introducing evidence related to any of

Plaintiff's criminal convictions[1] "for any purposes." (Dkt. No. 120, at 1).

In or about 1996,[2] Plaintiff was convicted of one count of attempted use of a child in a

sexual performance, in violation of New York Penal Law § 263.05, and two counts of sexual

abuse in the first degree, in violation of New York Penal Law § 130.65. (Dkt. Nos. 129-1, 129-

2). Plaintiff served a term of imprisonment of approximately 20 years for these convictions. (*See*

Dkt. No. 129-1, at 3 (indicating sentencing on July 26, 1996); Dkt. No. 129-2, at 2 (indicating

release on January 7, 2016)).

### 1.   Fed. R. Evid. 401 and 404(b)

Defendants argue that Plaintiff's prior convictions are admissible under Rule 401 and

Rule 404(b) "for the legitimate purposes of demonstrating the basis for Plaintiff's resistance to

---

[1] Plaintiff indicates that his criminal history includes "several misdemeanors which are more than twenty-eight years old." (Dkt. No. 120, at 1). There is no information regarding these convictions in the present record and Defendants have only sought to introduce Plaintiff's felony convictions. Accordingly, to the extent Plaintiff seeks to preclude the admission of his misdemeanor convictions, his request is denied as moot.

[2] The date of conviction is not contained in the record before the Court. Defendants' submissions indicate that Plaintiff was arrested on December 29, 1995 and sentenced on July 26, 1996. (Dkt. No. 129-1, at 3).

the probable cause search and to the level of his agitation to the point at which he attempted a closed-fist punch leading to the use of force." (Dkt. No. 129, at 5). Plaintiff opposes the admission of his prior convictions. (Dkt. No. 130).

Federal Rule of Evidence 401 provides that: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants assert "[t]he fact that Plaintiff was convicted of crimes relating to sexual attraction to children would circumstantially tend to prove or disprove the Plaintiff's agitation and level of resistance, as will be testified to by Defendants." (Dkt. No. 129, at 8). At the final pretrial conference, Defendants argued that Plaintiff's reaction to the search of his room stemmed from his desire to protect the contraband inside, including an altered magazine with pictures of children and that evidence Plaintiff's sexual abuse and child-related convictions will assist the jury in evaluating Plaintiff's level of resistance to Defendants.

To establish an excessive force claim under the Fourteenth Amendment, Plaintiff must show that the force used against him was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). One of the considerations that may bear on the reasonableness of the force used is "whether the plaintiff was actively resisting." *Id.* However, Defendants fail to explain how, or cite caselaw indicating that, the underlying reason for Plaintiffs hostility or resistance is, in and of itself, relevant to the question of whether they used reasonable force. And to the extent it is relevant, any minimal relevance is substantially outweighed by the danger of unfair prejudice. Evidence that the Plaintiff committed sex crimes involving children and was hiding an altered magazine with images of children in his room has "the sort of 'strong emotional or inflammatory impact' that would 'pose a risk of unfair prejudice because [they] tend[ ] to

distract the jury from the issues in the case and . . . [might] arouse the jury's passions to a point where they would act irrationally in reaching a verdict.'" *United States v. Monsalvatge*, 850 F.3d 483, 495 (2d Cir. 2017) (quotation marks omitted) (quoting *United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977)).

Defendants argue that Rule 404(b) also provides a basis for the admission of Plaintiff's prior convictions. Rule 404(b) states in relevant part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but that it "may be admissible for another purpose, such as proving motive," "intent," or "plan." Fed. R. Evid. 404(b). The Second Circuit "follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (citing *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996)). To determine whether to admit Rule 404(b) evidence, the court should consider whether: "(1) the prior [act] evidence [is being] 'offered for a proper purpose'; (2) the evidence [is] relevant to a disputed issue; (3) the probative value of the evidence [is] substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) [there is] an appropriate limiting instruction." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (quoting *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

Defendants seek to introduce Plaintiff's prior child-related and sexual abuse convictions to show he was aggressively resisting them and angry about their efforts to search his room because he did not want them to find the altered magazine. "While the fact of Plaintiff's resistance during" his interaction with Defendants is "relevant to th[e] question," of whether

Defendants' use of force was excessive, Plaintiff's "motivation for that conduct is not relevant."
*Monroe v. Town of Haverstraw*, 639 F. Supp. 3d 459, 463 (S.D.N.Y. 2022). Further, although
"Rule 404(b) permits the admission of prior acts to prove intent, 'intent must in fact be at issue.'"
*Hartman v. Snelders*, No. 04-cv-1784, 2010 WL 11626508, at *8, 2010 U.S. Dist. LEXIS
153876, at *21 (E.D.N.Y. Jan. 28, 2010) (quoting *Lewis v. Velez*, 149 F.R.D. 474, 479 (S.D.N.Y.
1993)). In this case, "[w]here . . . the question is whether defendants acted reasonably under the
circumstances observed at the time, plaintiff's actions and not his state of mind are at issue and
therefore, prior act evidence is not admissible as probative of plaintiff's intent." *Id.* 2010 WL
11626508, at *8, 2010 U.S. Dist. LEXIS 153876, at *21. Further, to the extent that Plaintiff's
prior convictions have any relevance for a legitimate purpose under Rule 404(b), any minimal
relevance is substantially outweighed by the risk of unfair prejudice to the Plaintiff. Accordingly,
Defendants' motion to introduce Plaintiff's prior convictions under Rule 404(b) is denied.

### 2.    Fed. R. Evid. 609

Defendants argue that Plaintiff's prior convictions are admissible as impeachment
evidence under Rule 609(a)(1), which provides that "subject to Rule 403," evidence of a prior
criminal conviction "must be admitted" to impeach a witness where the conviction was "for a
crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid.
609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and
the sentence imposed unless the district court determines that the probative value of that
evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury, or by considerations of undue delay, waste of time, or needless
presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir.
2005) (Sotomayor, J.) (quoting Fed. R. Evid. 403). Rule 609(a)(2) provides that, "for any crime
regardless of the punishment," evidence of a criminal conviction "must be admitted if the court

can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "evidence of conviction of a certain type of crime[,] one involving dishonesty o[r] false statement[,] must be admitted, with the trial court having no discretion." *United States v. Bumagin*, 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015) (first and third alterations in original) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

As an initial matter, Plaintiff was sentenced to a term greater than one year and was released on January 7, 2016, less than 10 years ago. (Dkt. No. 129-2, at 2). Accordingly, Rule 609(a), rather than Rule 609(b), applies. *See* Fed R. Evid. 609. Furthermore, none of Plaintiff's convictions required admitting a dishonest act or false statement. *See* N.Y. Penal Law §§ 130.65, 263.05; *see also Estrada*, 430 F.3d at 614. Therefore, Rule 609(a)(2) is inapplicable and Rule 609(a)(1) applies. *See* Fed. R. Evid. 609. Thus, for each conviction, the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon v. Kinter*, No. 13-cv-00939, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *4 (N.D.N.Y. July 19, 2021); *see also Estrada*, 430 F.3d at 615–16.

As to the probative value of prior convictions, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 617. Crimes of violence are not, in general, particularly probative as to honesty or veracity. *See id.* at 617–18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). Crimes of sexual violence similarly lack probative value as to honesty or veracity and present a high likelihood of prejudice. *See Thomas v. Leifeld*, No. 13-cv-321, 2018 WL 3387690, at *2, 2018 U.S. Dist. LEXIS 116008, at *5 (N.D.N.Y. July 12, 2018) ("[C]onvictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, [and] Sexual Abuse in the Second Degree . . . are not particularly probative as to honesty and veracity."); *see also Maize v. Nassau Health Care Corp.*, No. 05-cv-4920, 2012 WL 139261, at *3, 2012 U.S. Dist. LEXIS 37058, at *7–8 (E.D.N.Y. Jan. 18, 2012) ("[A] conviction for rape [is] not highly probative of credibility." (alteration in original) (quoting *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985))).

Further, the Court notes that Plaintiff's 1996 convictions are relatively remote in time— they occurred approximately 27 years ago—and are therefore of lesser probative value than would be more recent convictions. *See Twitty v. Ashcroft*, No. 04-cv-410, 2010 WL 1677757, at *2, 2010 U.S. Dist. LEXIS 40499, at *6 (D. Conn. Apr. 23, 2010) ("[T]he 'probative value of a conviction decreases as its age increases.'" (quoting 4 Weinstein's Federal Evidence § 609.05(3)(d) at 609–41 (2d ed. 2010))).

Thus, the Court concludes that Plaintiff's convictions for sexual abuse and attempted use of a child in a sexual performance are not highly probative of Plaintiff's honesty.

In considering the danger of unfair prejudice, the Court notes that there is little similarity between Plaintiff's prior sexual abuse and use of a child in a sexual performance convictions and the current issues—excessive force and whether and to what extent Plaintiff was resisting Defendants at the time the force was used. *See Lewis*, 149 F.R.D. at 483 ("Convictions for crimes or other bad acts that bear a close resemblance to actions alleged in the current case . . . cause unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts."). There is, therefore, little danger that the introduction of Plaintiff's convictions might cause unfair prejudice by suggesting Plaintiff has the propensity to resist law enforcement or, in this case, SCT Aides. *See Thomas*, 2018 WL 3387690, at *3, 2018 U.S. Dist. LEXIS 116008, at *5–6 (finding that because the plaintiff's prior sexual offenses were "substantially different" from his current denial of religious accommodation claim, there was "little concern that a jury might find any resemblance between" the two, minimizing the danger of unfair prejudice); *see also Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is." (citing *Hayes*, 553 F.2d at 828)).

On the other hand, the admission of evidence of Plaintiff's sexual abuse and attempted use of a child for a sexual performance convictions have "the possibility of 'inflam[ing] the jurors' prejudice against [Plaintiff], their . . . emotional response to an event otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes.'" *See Maize*, 2012 WL 139261, at *3, 2012 U.S. Dist. LEXIS 37058, at *9 (alteration in original) (quoting *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996)).

Ultimately, however, because Plaintiff plans to offer his account of interactions with Defendants, Plaintiff's credibility will have to be assessed against the credibility of the Defendants, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions is probative of his credibility. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)). Therefore, having weighed the relevant factors, the Court finds evidence related to Plaintiff's 1996 convictions is admissible to impeach Plaintiff. But Defendants may only inquire into the date of the convictions and the sentence imposed, but not the statutory names of the offenses because the probative value of evidence of the names of these convictions is substantially outweighed by the danger of unfair prejudice. *Maize*, 2012 WL 139261, at *3–4, 2012 U.S. Dist. LEXIS 37058, at *8–9 (finding the "prejudice of the evidence substantially outweighs its probative value" and excluding the plaintiff's two prior rape convictions from evidence at trial on the plaintiff's § 1983 deliberate indifference to medical needs claim).

### B. Plaintiff's Civil Confinement

Defendants seek to introduce evidence "about the specific environment in which they work, their specialized training, and why they took the actions they did to gain control of Plaintiff." (Dkt. No. 129, at 13). Defendants further argue that Plaintiff's civil confinement "as a sex offender under Article 10" is relevant "as a point of difference with respect to other patients who are housed at CNYPC for other mental impairments, and as such is relevant to the areas of the facility in which Plaintiff was housed and the general privileges that Plaintiff had at

CNYPC." (*Id.*). There is no objection to the introduction of the relevant rules and procedures applicable to Plaintiff's civil confinement. Defendants, however, posit that if the jury is not allowed to know that Plaintiff was civilly confined as a sex offender at CNYPC, "they may incorrectly infer that Plaintiff was being treated at CNYPC for a traditional mental health diagnosis, such as schizophrenia, and that he may have been actively decompensating when Defendants used force." (*Id.* at 13–14). Plaintiff's counsel indicated, at the final pretrial conference, that they would not be making any such argument. At this time Defendants have not shown how Plaintiff's sex offender status is relevant and how any conceivable relevance is not substantially outweighed by the danger of unfair prejudice to the Plaintiff. The Court will evaluate this issue during trial.

### C.      Altered Magazine in Plaintiff's Room

Defendants seek to introduce testimony from Defendants, or other witnesses "regarding their discovery of the Plaintiff's altered magazine on the probable cause search and its contents." (Dkt. No. 129, at 14). Plaintiff responds that all references to the magazine should be excluded as irrelevant and unfairly prejudicial; at the final pretrial conference Plaintiff agreed that the jury should be permitted to consider evidence that contraband was found in Plaintiff's room after the incident. (Dkt. No. 130, at 1). The Court agrees that the altered magazine should be excluded. The SCT Aides and "risk management staff" found the altered magazine during the search of Plaintiff's room, following the alleged use of excessive force. (Dkt. No. 89-4, ¶¶ 23–29). The magazine, which resulted in the removal of magazine privileges, was relevant to Plaintiff's First Amendment claims, but those claims were dismissed at the summary judgment stage. (Dkt. No. 97, at 18–23; Dkt. No. 102). Further because the magazine was found after the alleged use of excessive force, the Court finds it has minimal, if any probative value. Even assuming it is relevant, the Court finds the danger of unfair prejudice substantially outweighs any probative

value. Accordingly, Defendants' motion seeking permission to admit the altered magazine is denied.

### D.    Other Evidentiary Issues

#### 1.    Defendants

In their motion in limine, Defendants also seek to preclude Plaintiff from: asserting at trial that he was the "victim of a conspiracy," (Dkt. No. 129, at 15–16); introducing any evidence or testimony related to Defendants' "disciplinary history, personnel file, or prior lawsuits," (*id.* at 16–17); introducing "[g]rievances of non-party residents about unrelated incidents involving Defendants, (*id.* at 17–18); requesting that the jury award a specific dollar amount, (*id.* at 18–19); making any reference to Defendants being indemnified or potentially indemnified by the State of New York, (*id.* at 19–20); and referring to claims the Court has previously dismissed, (*id.* at 20). Plaintiff stated at the pretrial conference that he does not oppose these aspect of Defendants' motion. Accordingly, Defendants' motion on those issues is denied as moot.

#### 2.    Plaintiff

In his motion in limine, Plaintiff seeks to preclude Defendants from presenting evidence of Plaintiff's "prison disciplinary history." (Dkt. No. 120, at 4), and permission to appear without shackles during trial. Defendants stated at the pretrial conference that they do not intend to introduce Plaintiff's prison disciplinary history and that they do not oppose Plaintiff's request regarding shackles. Plaintiff's request to prelude evidence of prison disciplinary history is therefore denied as moot. The Court will defer ruling on the issue of restraints until the Court has had an opportunity to discuss the issue with security officials on the morning of trial.

### III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine, (Dkt. No. 120), and Defendants' motion in limine, (Dkt. No. 129), are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: <u>September 19, 2023</u>
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge