UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MYERS,

                              Plaintiff,                  9:20-cv-465 (BKS/DJS)

v.

RYAN COLLINS and MICHAEL WILKINSON,

                              Defendants.
_____

**Appearances:**

Michael Myers, Pro se
13462261604
STARC Oakview
P.O. Box 300
Marcy, NY 13403

*For Defendants:*
Letitia James
Attorney General of the State of New York
Kostas D. Leris
Assistant Attorney General, of Counsel
Alexander Powhida
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

    Plaintiff Michael Myers filed this action under 42 U.S.C. § 1983 alleging that Defendants

Ryan Collins and Michael Wilkinson, aides at the Central New York Psychiatric Center

("CNYPC") where Plaintiff was civilly confined, subjected Plaintiff to excessive force in

violation of the Fourteenth Amendment. (Dkt. No. 10). After a two-day trial,[1] the jury returned a verdict finding that Plaintiff failed to prove his excessive force claim against Defendants. (Dkt. No. 135). Presently before the Court is Plaintiff's motion for a new trial under Federal Rule of Civil Procedure 59, (Dkt. No. 137), and Defendants' motion for a Bill of Costs. (Dkt. No. 140). The motions are fully briefed. (Dkt. No. 141, 142). For the reasons that follow, Plaintiff's motion is denied and Defendants' motion is granted.

## II.   RULE 59 MOTION

### A.   Standard of Review

Under Rule 59, the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," including when the verdict is against the weight of the evidence. Fed. R. Civ. P. 59(a)(1)(A); *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). The Second Circuit has explained that "a decision is against the weight of the evidence . . . if and only if the verdict is [1] seriously erroneous or [2] a miscarriage of justice." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002). On a new trial motion, the trial judge "is free to weigh the evidence [themself] and need not view it in the light most favorable to the verdict winner." *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998). "A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (quoting *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992)). Further, a court considering a Rule 59 motion "should rarely disturb a jury's evaluation of a witness's credibility," *DLC Mgmt. Corp.*, 163 F.3d at 134, and should not "freely substitute his or her assessment of the credibility of witnesses for

---

[1] Plaintiff was represented by pro bono counsel at trial.

that of the jury simply because the judge disagrees with the jury." *Raedle*, 670 F.3d at 418 (quoting *Landau*, 155 F.3d at 104). Rather, "the granting of a new trial is an extraordinary relief . . . [and] is properly granted only upon a showing of exceptional circumstances." *Rosello v. Long Island R.R. Co.,* 50 F. Supp. 3d 242, 249 (E.D.N.Y. 2014) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

    A.    **Ineffective Assistance of Counsel**

Plaintiff moves for a new trial on the ground that he was provided with ineffective assistance of counsel. (Dkt. No. 137 at 2–5). Specifically, Plaintiff contends his "attorneys failed to follow up questions [he] told them" to ask; failed to question witnesses properly and lost the jury's attention; should have objected to the "improper intro of [Plaintiff] trying to press charges against the defendants"; failed to ask "this Court to please hold while the attorneys ask [Plaintiff] for any follow up questionings [sic] leaving open questions in the air"; and "kept asking questions that the Court kept sustaining." Plaintiff asserts that the jury "got so fed up with stupid questions they just put their pens away and that's when [he] knew [he] lost [his] trial." (*Id.* at 4). Defendants respond that Plaintiff's motion must be denied because there is no constitutional right to effective of counsel in civil trials. (Dkt. No. 141, at 1).

It is "well-settled . . . that the constitutional guarantee of effective assistance of counsel does not extend to civil cases," and accordingly, ineffective assistance of counsel cannot be a basis for a new trial under Rule 59. *Booker v. Graham*, No. 13-cv-1342, 2018 WL 895587, at *4, 2018 U.S. Dist. LEXIS 23995 (N.D.N.Y. Feb. 14, 2018) (quoting *Guardado v. Nassau Cnty. Corr. Facility*, 160 F. App'x 66, 68 (2d Cir. 2005) (summary order)), *aff'd*, 974 F.3d 101 (2d Cir. 2020). "[A] plaintiff's ineffective-assistance allegations simply cannot support the grant of a new §1983 trial under Rule 59." *Reid v. Rafferty*, No. 00-cv-5164, 2005 WL 2001881, at *2,

3

2005 U.S. Dist. LEXIS 17413, at *4 (S.D.N.Y. Aug. 19, 2005) (citing *Hemphill v. Schott*, No. 93-cv-8778, 1999 WL 587801, at *2 n.4, 1999 U.S. Dist. LEXIS 11917, at *7 n.4 (S.D.N.Y. Aug. 5, 1999)). Furthermore, "with respect to strategic and tactical decisions concerning the conduct of trials," parties are "deemed to repose decision-making authority in their lawyers." *Toliver v. New York City Dep't of Corr.*, 202 F. Supp. 3d 328, 341 (S.D.N.Y. 2016) (quoting *Calvo v. Donelli*, No. 06-cv-1794, 2007 WL 1288098, at *11, 2007 U.S. Dist. LEXIS 31648, at *36 (E.D.N.Y. Apr. 30, 2007)). Therefore, as there is no constitutional right to the effective assistance of counsel in civil cases, Plaintiff's motion for a new trial under Rule 59 is denied.

### B.   Evidence at Trial

In light of Plaintiff's pro se status, the Court has considered the areas of trial testimony that Plaintiff has argued his attorneys mishandled, to determine whether there is any basis to disturb the jury's verdict.

Plaintiff asserts that Defendant Collins should have been asked whether he was "using his training" when he approached Plaintiff on "unit 604" during the events that preceded the alleged use of force. (Dkt. No. 137, at 4). But Collins testified throughout his direct examination that while interacting with Plaintiff on "unit 604," he was considering policy and that his actions were consistent with his training.

Plaintiff next argues that his attorneys should have developed testimony at trial regarding the distance between Plaintiff and the "window" just prior to the alleged excessive force, and asked why, if Plaintiff had, as alleged, tried to hit a staff member, did none of the staff members approaching him "jump backwards as a normal response"? (*Id.*). At trial, Defendant Wilkinson testified that during the alleged altercation, Plaintiff swung in the direction of Defendant Collins. Although Plaintiff was off-camera at the time of the alleged "swing," Defendants and other staff members were visible on the video. Jurors were therefore able to view and evaluate the conduct

4

of the staff members, and their movements, for themselves. Plaintiff testified that he did not swing at anyone during the altercation. It was within the province of the jury to resolve conflicting versions of events and evaluate the credibility of the witnesses and the Court finds that a new trial is not warranted on this basis. *Ricciuti v. New York City Transit Auth.*, 70 F. Supp. 2d 300, 308 (S.D.N.Y. 1999) ("A trial judge should be least inclined to disturb a jury's verdict, based entirely or primarily upon witness credibility, where the conflicting accounts of the witnesses are equally plausible (or implausible), and there is no independent evidence in the trial record clearly demonstrating that, if a miscarriage of justice is to be avoided, one party's witnesses should not be believed.").

Plaintiff criticizes his attorney for failing to ask Cynthia Provow, the psychiatrist who evaluated and treated Plaintiff following the alleged use of force, and while he was restrained on a bed,[2] (1) whether she saw Plaintiff after he was out of the bed, (2) whether he had any injuries, and (3) whether there was a procedure following such restraint that required checking for injuries. (Dkt. No. 137, at 4). At trial, Dr. Provow testified that she immediately inspected the restraints and evaluated Plaintiff for injuries while he was in the bed, that she observed no apparent injuries, that Plaintiff made no complaints of injuries, and that Plaintiff did not appear to be in physical distress. Dr. Provow further testified that she saw Plaintiff following the restraint, and that she observed no physical injuries as a result of the restraint. Plaintiff testified that his back hurt following the alleged use of force and that his wrists and chest were injured as a result of the restraints. Based on its verdict in favor of Defendants, it appears that the jury did not credit Plaintiff's testimony. Further, there is no basis on this record to conclude that, in the

---

[2] At trial, Dr. Provow testified that Plaintiff was placed on a restraint bed following the alleged excessive force. Dr. Provow explained that a restraint bed is used as a calming technique and that it removes outside stimuli and allows the patient to calm down.

5

absence of additional questioning regarding a post-restraint exam or applicable medical procedures, the jury reached a seriously erroneous result in returning a verdict for the defense. *See Raedle*, 670 F.3d at 419 (concluding that the veracity of a witness's statements was a matter of credibility for the jury and that in returning a "defense verdict, the jury did not credit" the witness's testimony, "a view supported by the evidence").

Finally, Plaintiff cites to his attorneys' failure to object to defense counsel's questioning of Defendant Collins regarding Plaintiff "trying to press charges against the defendants without proper discovery to prove I did press charges." (Dkt. No. 137, at 4). At trial, when defense counsel asked Defendant Collins whether Plaintiff filed a complaint with the police against him for the incident at issue, Defendant Collins replied that Plaintiff had, and that the police did nothing and said Defendant Collins did nothing wrong. Although Plaintiff's attorney did not object to the questioning, on cross-examination, when Plaintiff's attorney questioned Defendant Collins further, Defendant Collins admitted that there was no police report and that the charges were dropped and acknowledged that he did not know what Plaintiff told police regarding whether to press charges. Plaintiff seems to be arguing that that defense counsel needed documentary evidence showing that that Plaintiff pressed charges against Defendants. (*Id.*). However, Plaintiff does not explain how this line of questioning led to a miscarriage of justice.

In sum, upon independently weighing the evidence presented at trial, *Song v. Ives Lab'ys, Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992), and considering Plaintiff's arguments, the Court cannot conclude that the jury's verdict was "'seriously erroneous' or resulted in a 'miscarriage of justice," *Edwards v. Schrader-Bridgeport Int'l, Inc.*, 205 F. Supp. 2d 3, 8 (N.D.N.Y. 2002) (quoting *Finn-Verburg v. New York State Dep't of Lab.*, 165 F. Supp. 2d 223, 228 (N.D.N.Y. 2001)). Although Plaintiff claims that the jury looked "fed up with stupid questions" of his

attorneys and "put their pens away," (Dkt. No. 137, at 4), the Court observed the jury throughout the trial, saw no indication of inattention, and specifically commented on the jury's attentiveness. Accordingly, Plaintiff's motion for a new trial is denied.

### III.     DEFENDANT'S MOTION FOR A BILL OF COSTS

Federal Rule of Civil Procedure 54(d)(1) states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). Section 1920 provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270.

Defendants seek a total of $1,326.02 in costs associated with defending this action. (Dkt. No. 140). Plaintiff opposes Defendants' motion on the ground he is indigent and cannot afford to pay costs. (Dkt. No. 142).

7

### A. Witness Fees

Defendants seeks a total of $336.34 in costs for witnesses, including $80 for the attendance of two witnesses at trial, $141.34 for mileage, and $115.00 for subsistence. (Dkt. No. 140, at 1). Defendants are entitled to "fees and disbursements for . . . [these] witnesses." *See* 18 U.S.C. § 1920(3). Therefore, because the statutory witness attendance fee is $40.00 per witness, 18 U.S.C. § 1821(b), because Defendants have correctly calculated mileage for each witnesses at the rate of $0.655, as prescribed under 28 U.S.C. § 1821(c)(2) and the United States General Services Administration Privately Owned Vehicle Mileage Rates, effective January 1, 2023, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last visited July 26, 2024), and because Defendants' subsistence (lodging) request complies with the requirements of 18 U.S.C. § 1821(d) and the https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2023&city=&state=-%20Select%20-&zip=13261 (last visited July 26, 2024), Defendants' request for costs in the amount of $336.34 for witness fees is granted. *See* N.D.N.Y. Guidelines for Bills of Costs §§ II(F)(1)(a)–(c), (e).

### B. Transcript Fees

Defendants seek $763.68 in costs for the transcript of Plaintiff's deposition. (Dkt. No. 140, at 5). A prevailing party is "permitted to recover costs for [an] original . . . transcript[]." *C.C. ex rel. Camarata v. Polaris Indus., Inc.*, No. 14-cv-975, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18 (N.D.N.Y. June 19, 2018); *see also* N.D.N.Y. Guidelines for Bills of Costs § II(D)(1)(c). Thus, Defendants are entitled to an award of costs in the amount of $763.68 for transcript fees.

### C. Exemplification and Copy Fees

Defendants seeks costs for one copy of Plaintiff's deposition transcript at the rate of $0.50 per page and "[o]ne (1) copy of discovery produced to [P]laintiff (280 pages)" at the rate of $0.50 per page for a total of $226.00. (Dkt. No. 140, at 5)

A prevailing party is "permitted to recover costs for . . . one copy of [a] transcript[]." *Camarata*, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18. Furthermore, "[c]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery." *Green v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *2, 2019 U.S. Dist. LEXIS 159343, at *4 (N.D.N.Y. Sept. 19, 2019) (quoting *Phillips v. Allen*, No. 07-c-666, 2011 WL 1884558, at *2, 2011 U.S. Dist. LEXIS 49065, at *7 (N.D. Ill. May 6, 2011)). Defendants "provided sufficient information regarding the purpose of the copies" and the Court finds that the copies were "necessary [as they] relate to the 'initial disclosure requirements.'" *Green*, 2019 WL 4508927, at *2, 2019 U.S. Dist. LEXIS 159343, at *4 (quoting *U.S. ex rel. Cullins v. Astra, Inc.*, No. 09-cv-60696, 2010 WL 3008833, at *5, 2010 U.S. Dist. LEXIS 87669, at *16 (S.D. Fla. July 28, 2010)). Accordingly, Defendants are entitled to an award of costs in the amount of $226.00 for exemplification and copy fees. When combined with the award of costs in the amount of $336.34 for witness fees and $763.68 for transcript fees, the total award of costs to which Defendants are entitled is $1,326.02.

### D. Indigency

Plaintiff's primary objection to Defendants' motion for costs is that he is indigent and cannot afford to pay the bill of costs. (Dkt. No. 142). A court "may, in considering the equities of the case, deny costs due to factors such as financial hardship." *Campbell v. Empire Merchs., LLC*, No. 16-cv-5643, 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted). Plaintiff, as the losing party, bears the burden of "showing that

9

costs should not be imposed." *Id.* While a court may deny costs "on account of the losing party's indigency," indigency "*per se* does not automatically preclude an award of costs." *Id.* As a matter of discretion, a court may order the payment of costs by a party proceeding *in forma pauperis*. *See Feliciano v. Selsky*, 205 F.3d 568, 572 (2d Cir. 2000). The decision is "informed by any factor the court deems relevant, including the purpose of the *in forma pauperis* statute, the history of the party as litigator, good faith[,] and the actual dollars involved." *Id.* (internal quotation marks and citation omitted). Plaintiff's original application to proceed *in forma pauperis* was filed more than four years ago, and he has not submitted evidence showing that he lacks the resources to pay the modest bill of costs, and considering all of the factors in this case, the Court will not excuse Plaintiff from his obligation to pay costs. *See, e.g.*, *Hogan v. Novartis Pharms. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013) (summary order) (finding no abuse of discretion and affirming the imposition of costs where the plaintiff "presented no evidence to document her alleged lack of financial resources"); *Campbell*, 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *3 (imposing taxes where the plaintiff "provide[d] no documentary support for his claimed indigency").

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for a new trial (Dkt. No. 137) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for a bill of costs, (Dkt. No. 140), is **GRANTED** and Defendant is awarded $1,326.02.

**IT IS SO ORDERED.**

Dated: July 26, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

10